UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN D. DEANE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:18-cv-00482-JAW |
| | ) | |
| TRANSUNION LLC, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S MOTION TO DISMISS**

In this action, Plaintiff alleges Defendant unlawfully distributed inaccurate reports to prospective creditors about Plaintiff's credit history and credit worthiness. In particular, Plaintiff asserts Defendant failed to correct his credit history file after he informed Defendant that many of the transactions listed in his credit history were fraudulent. (Statement of Claim, ECF No. 1-1.)

The matter is before the Court on Plaintiff's motion to dismiss. (ECF No. 10.) Plaintiff asserts that he did not file the state court complaint which Defendant removed to federal court. In response to the motion, Defendant asks the Court to order Plaintiff to pay the costs incurred in previous lawsuits before he files any additional claims against Defendant.

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court grant Plaintiff's motion to dismiss and deny Defendant's request for an order of costs.

## BACKGROUND[1]

According to Plaintiff, beginning in 2007, Plaintiff began noticing a series of incorrect items on his credit report due to fraudulent activity. (Statement of Claim ¶¶ 5, 7, ECF No. 1-1.) Plaintiff maintains he worked to correct the errors for over ten years, but Defendant continues to provide credit reports with false information about Plaintiff's credit history. (*Id.* ¶ 6,8.) Plaintiff asserts potential lenders have declined his credit applications and when accepted, he is required to pay higher interest rates as a result of the false information in the reports. (*Id.* ¶ 9.) Plaintiff argues Defendant's actions violate the Fair Credit Reporting Act, 15 U.S.C. § l681a *et seq.,* and Maine's analogous credit reporting statute,10 M.R.S. § l309 *et seq.* (Statement of Claim ¶¶ 12 – 19.)

On March 16, 2018, Plaintiff filed a complaint with the Small Claims Session of the Superior Court of Connecticut in Hartford. (ECF No. 12-1.) On April 5, 2018, that court dismissed the claim for lack of jurisdiction. (ECF No. 12-2.) On April 10, 2018, Plaintiff filed the same complaint with the Small Claims Session of the Superior Court of Connecticut in New Britain. (ECF No. 12-3.) Plaintiff voluntarily withdrew that case on April 17, 2018 as "erroneously filed in two Court locations." (ECF No. 12-4.)

Plaintiff later served a similar Statement of Claim on Defendants, which claim was to be presented in the Maine District Court in Bridgton on November 1, 2018. (Affidavit in Support of Notice of Removal ¶ ECF No. 1.) On November 21, 2018, Defendant filed a notice of removal with this Court. (ECF No. 1.)

---

[1] The following facts are drawn from Plaintiff's Statement of Claim (ECF No. 1-1) and Defendant's uncontested exhibits concerning prior lawsuits. (ECF. No. 12-1 – 12-5.)

On November 30, 2018, in a letter to the Court, Plaintiff wrote, "a case was contemplated previously . . . nothing has been filed with any Court of any jurisdiction at this time nor is there an intent to file anything at this time," (ECF No. 10), which filing the Court construed as a voluntary motion to dismiss. (ECF No. 11.)

## DISCUSSION

Because Defendant answered Plaintiff's complaint, Plaintiff cannot voluntarily dismiss his action without a court order. Fed. R. Civ. P. 41(a)(2). In *Colon-Cabrera v. Esso Standard Oil Co. (P.R.)*, 723 F.3d 82 (1st Cir. 2013), the First Circuit discussed the factors relevant to a court's determination whether to grant a plaintiff's request to dismiss an action without prejudice.

First, the Court observed that under Rule 41(a)(2), "dismissal without prejudice is the norm, 'unless the court finds that the defendant will suffer legal prejudice.'" *Id.* at 88 (quoting *P.R. Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981)). In addition, the Court noted: "The mere prospect of a subsequent lawsuit does not constitute such prejudice." *Id.* (citing *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)). The Court then wrote:

> Voluntary dismissal under Rule 41(a)(2) is conditioned on court permission to protect the nonmovant from unfair treatment. Such unfairness can take numerous forms, including the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation of the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant. For example, it is appropriate to consider whether a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling. A plaintiff should not be permitted to force a defendant to incur substantial costs in litigating an action, and then

3

> simply dismiss his own case and compel the defendant to litigate a wholly new proceeding.

*Id.* (citations and internal quotations omitted).

Here, given that Plaintiff moved to dismiss the matter before any discovery was conducted and before Defendant moved to dismiss, there is little prejudice to Defendant if the Court grants the motion. Dismissal, therefore, is appropriate. The issue is whether the order of dismissal should include the requirement that Plaintiff pay Defendant's costs incurred in the earlier actions before he files any future actions based on the same claim. (ECF No. 12 at 3.)

Federal Rule of Civil Procedure 41(d) provides: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). The Rule is "intended to serve as a deterrent to forum shopping and vexatious litigation." *Simeone v. First Bank Nat. Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992). Courts use their discretion to impose costs when the plaintiff voluntarily dismissed the prior action "in an attempt to gain any tactical advantage by dismissing and refiling th[e] suit," and are likely to "refuse to require payment of costs if it appears that there was a good reason for the dismissal of the prior action or that the plaintiff is financially unable to pay the costs." *Robinson v. Nelson*, No. 98-10802-MLW, 1999 WL 95720, at *1 (D. Mass. Feb. 18, 1999) (internal quotation marks omitted); see also *Reynolds v. OneWest Bank, FSB*, No. 5:11-CV-81, 2011 WL 5357503, at *6 (D. Vt. Nov. 7, 2011).

The Rule contemplates an order of costs when a plaintiff seeks to assert the later claim, not upon the voluntary dismissal of a claim. Under Rule 41, therefore, if Plaintiff were to file the same claim in this Court, the Court could require Plaintiff to pay the costs of the previously dismissed action(s) before he could proceed.

While an order that requires Plaintiff to pay the costs of this action and the previously dismissed actions is not appropriate upon the dismissal of this matter, Plaintiff is on notice that in the event he seeks to assert the same or a similar claim against Defendant, a court could require him to pay for the costs of the previously dismissed actions before he is permitted to proceed on the claim.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Plaintiff's motion to dismiss, and deny Defendant's request to order Plaintiff to pay the costs incurred in the claims Plaintiff previously asserted.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of February, 2019.